IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39402/39403

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 676 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 16, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY JOEL CHILDERS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order denying motion for psychological evaluation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Anthony Joel Childers pleaded guilty to rape and attempted strangulation. On appeal, he asserts that the district court erred when it denied his motion for a psychological evaluation for sentencing purposes. We affirm.

## I.

## BACKGROUND

This appeal encompasses two consolidated criminal cases. In the first case Childers, then twenty-eight years old, was charged with rape, Idaho Code § 18-6101, and sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A(1)(a). The second case involved an altercation between Childers and his girlfriend occurring two weeks after the first offenses, where Childers was charged with attempted strangulation, I.C. § 18-923; misdemeanor domestic battery, I.C. § 18-918(3)(b); and misdemeanor malicious injury to property, I.C. § 18-7001. At a consolidated hearing, Childers pleaded guilty to rape and attempted strangulation and, pursuant

1

to a plea agreement, the remaining charges were dismissed. The district court ordered the preparation of a presentence investigation report (PSI) and a psychosexual evaluation (PSE) for sentencing purposes and scheduled a sentencing hearing.

Based on information in the PSE and the PSI, at the scheduled sentencing hearing Childers requested that the district court order a psychological evaluation pursuant to I.C. § 19-2522 before imposing sentence. The district court denied the request. Childers appeals from the judgments of conviction, challenging only the district court's denial of his motion for a psychological evaluation.

## II.

## ANALYSIS

Idaho Code § 19-2522 specifies that "[i]f there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown," the court must appoint a psychiatrist or psychologist to evaluate and report upon the defendant's mental condition to inform the court's sentencing decision. The requirements of I.C. § 19-2522 are complimented by Idaho Criminal Rule 32 which specifies the elements to be included in the presentence report. These elements include information on the health of the defendant where relevant to the sentencing decision, I.C.R. 32(b)(8), and, where appropriate, the presentence investigator's analysis and recommendation regarding a psychological examination, I.C.R. 32(b)(10). The decision whether to obtain a psychological evaluation lies within the sentencing court's discretion. *State v. Hanson*, 152 Idaho 314, 319, 271 P.3d 712, 717 (2012); *State v. Durham*, 146 Idaho 364, 366, 195 P.3d 723, 725 (Ct. App. 2008); *State v. Craner*, 137 Idaho 188, 189, 45 P.3d 844, 845 (Ct. App. 2002). A district court's election not to order a psychological evaluation will be upheld on appeal if the record can support a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately met the requirements of I.C. § 19-2522(3). *Durham*, 146 Idaho at 366, 195 P.3d at 725; *State v. Collins*, 144 Idaho 408, 409, 162 P.3d 787, 788 (Ct. App. 2007); *Craner*, 137 Idaho at 189, 45 P.3d at 845.

Childers' argument that his mental condition was a significant factor for sentencing, and therefore that a Section 19-2522 psychological evaluation was necessary, is predicated on information found in the PSE and the PSI. Childers told the evaluator that in his childhood he "was diagnosed as meeting criteria for Attention Deficit Hyperactivity Disorder and Bipolar

2

Disorder due to his mood swings" and that he had been on medication when he was in foster care. He said he had not taken any mental health medication during his ten years as an adult. The PSE also notes that Childers said he was under the influence of alcohol when he committed the rape, and he admitted abusing alcohol, methamphetamine, and other illegal drugs as an adult. The evaluator concluded that "Childers does not meet criteria for a DSM-IV diagnosis for a major medical illness," but that "he does evidence symptoms of a substance abuse disorder." The evaluator recommended a "psychiatric evaluation to determine if psychotropic medications would be of benefit to him" as "his substance abuse issues may be his attempt to self-medicate and cope with his negative emotion." Childers also told the PSI evaluator that he was intoxicated when he committed his offenses.

In denying Childers' request for a psychological evaluation, the district court stated that there was no indication that Childers suffered from a "major mental illness" and that the court "didn't see anything to indicate that there was some overriding or overbearing psychological diagnosis that was at play here." Childers argues that this decision was error because the record shows that his mental condition was a significant factor for sentencing.

We are not persuaded that the district court erred. A psychological evaluation is not required in every case where the defendant claims some mental illness or disability. *See, e.g.*, *State v. Adams*, 137 Idaho 275, 278, 47 P.3d 778, 781 (Ct. App. 2002) (holding that letters from defendant's mother and sister stating that defendant had extreme mood swings, had a history of suicide attempts, and had received mental health treatment in the past for manic depression did not establish that defendant's mental condition would be a significant factor at sentencing); *State v. Hyde*, 127 Idaho 140, 150, 898 P.2d 71, 81 (Ct. App. 1995) (holding that defendant's argument that a psychological evaluation could potentially identify "things that we may be able to bring forth in front of the court for the court's consideration in sentencing" did not indicate a psychological evaluation was needed); *State v. Wolfe*, 124 Idaho 724, 726-28, 864 P.2d 170, 172-74 (Ct. App. 1993) (rejecting argument on appeal that presentence report was inadequate because it did not contain a psychological evaluation). In the exercise of its discretion, a sentencing court may appropriately determine that milder mental disorders and behaviors are not "significant" with respect to the commission of a criminal offense or to the court's ultimate sentencing determination. *See generally Hanson*, 152 Idaho at 320, 271 P.3d at 718.

3

The record supports the district court's conclusion that Childers' mental health would not be a significant factor at sentencing. As evidence that he suffers from a significant mental disorder, Childers relies entirely upon his own self-report to the PSE evaluator and the PSI investigator that as a child he was diagnosed with ADHD and Bipolar Disorder. Childers presented no compelling evidence that he suffered from either affliction at the time of his offenses and he admitted that he had not taken any medication for these disorders during the previous ten years. The information from Childers was countered by the psychosexual evaluator's conclusion that Childers did not suffer from a major medical illness but instead evidenced a substance abuse disorder. The psychosexual evaluator's recommendation of a psychiatric evaluation was not for determination of whether Childers suffered from a serious mental illness but was only to determine whether psychotropic medication would help him deal with his "negative emotions" for which he might be self-medicating with illegal substances. The PSI investigator expressed no concern about the need for a psychological evaluation, and neither the PSE evaluator nor the PSI investigator gave any indication that, during their interviews, Childers was communicating or acting inappropriately. Nothing in the record indicates that Childers engaged in bizarre behavior either inside or outside of the courtroom. At his change of plea hearing Childers told the court that he did not believe or suspect that he suffered from a mental illness and, when questioned by the court, Childers responses were normal and gave no indication of mental illness or confusion. Finally, the district court made no mention of Childers' mental condition when imposing sentence.

On this record, we find no error in the district court's implicit determination that Childers did not suffer from a mental condition that would be a significant factor at sentencing. Therefore, the district court did not abuse its discretion in refusing Childers' request for a psychological evaluation. The order denying a psychological evaluation for sentencing purposes is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**