45 P.3d 844

STATE of Idaho, Plaintiff–Respondent,

v.

Dickie Ray CRANER, Defendant–Appellant.

No. 27608.

Court of Appeals of Idaho.

April 11, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Nancy C. Luebbert, Special Deputy Appellate Public Defender, Moscow, for appellant.

Hon. Alan G. Lance, Attorney General; William A. Loomis, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Dickie Ray Craner appeals from his judgment of conviction and sentence for aggravated battery. We affirm in part, vacate in part, and remand.

Craner was charged with aggravated battery, I.C. §§ 18–903, –907, after he threw a large rock at Cecilio Medrano and fractured Medrano's hip. A jury found Craner guilty following a trial. The district court ordered a pre-sentence investigation report (PSI) but did not order a psychological evaluation. No objection was made to the lack of a psychological evaluation, and Craner did not specifically request such an evaluation for purposes of sentencing. The district court entered a judgment of conviction and sentenced Craner to a unified term of fifteen years, with a minimum period of confinement of ten years. Craner appeals, claiming that the district court abused its discretion by not sua sponte ordering a psychological evaluation because there was substantial evidence demonstrating that Craner's crime was likely the result of a mental condition.

The determination of whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19–2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct.App.1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19–2522. Pursuant to I.C. § 19–2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19–2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct.App.1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately meets the requirements of I.C. § 19–2522(3). *Id.* Where a defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed,

the defendant must demonstrate that by failing to order a psychological evaluation the sentencing court manifestly disregarded the provisions of I.C.R. 32. *Jones,* 132 Idaho at 442, 974 P.2d at 88.

■ Here, the record reflects that Craner woke up on the morning his offense was committed, went into the bathroom, and shaved off all of his hair. When Craner came out of the bathroom, he ordered everyone in the house to leave. Craner became angry and began choking his mother. When Craner's brother attempted to defend his mother, Craner attacked him. Craner then turned on Medrano. After Medrano exited the home, Craner threw a large rock at Medrano and fractured his hip. As Medrano tried to escape, Craner grabbed a tire iron and chased Medrano around a car, threatening to kill him. An officer who responded to the incident found Craner standing outside without any clothing on. As the officer placed Craner in handcuffs, Craner stated that he was being poisoned through his hair by the other occupants of the home.

Attached to Craner's PSI was a report of an incident at the jail that occurred three days after Craner's arrest. According to the report, Craner was being held in maximum security because he was a threat to himself and to others. Craner was banging on the walls of his cell and yelling. In addition, he was standing on the toilet seat and repeating that someone was going to kill him. A special response team was called in to safely remove Craner from his cell and transport him to an emergency room for evaluation. When the team entered his cell, Craner crouched in the corner and began crying. A designated mental health examiner was dispatched to the emergency room and, after evaluating Craner, concluded that Craner was psychotic and delusional. Based on the designated examiner's recommendation, Craner was placed into protective custody and transported to Canyon View Medical Center for further observation. The report noted that Craner had tested positive for methamphetamine and marijuana in his system, had not slept in the three days since his arrest, and had become more agitated every day. The designated examiner's report and the report from Canyon View Medical Center, where Craner was transported for observation, apparently were not provided to the district court for sentencing purposes by the presentence investigator and are not contained in the record on appeal.

Having reviewed the record, we conclude that there was sufficient evidence before the district court to determine that Craner's mental condition would be a significant factor at sentencing. Craner's behavior at the time of his offense was uncharacteristic and irrational. That irrational behavior continued up to three days after Craner was arrested. Although Craner had a lengthy criminal history, Craner's record did not include crimes of violence. Further, the district court's comment at sentencing reflects that it was apparently concerned with Craner's mental condition. The district court stated that "we are back here with this absolutely senseless crime, with you apparently claiming you thought somebody was trying to poison you through your hair. I mean I don't—I have thought about that a lot, and I really don't get it." Thus, we hold that the district court should have obtained an adequate report concerning Craner's mental condition before imposing sentence.

Having determined that the district court was required to obtain information on Craner's mental condition, we must next examine whether the information provided to the district court satisfied the requirements of I.C. § 19–2522(3). The presentence investigator's analysis of Craner's mental condition was minimal. In the section of the PSI entitled "Mental Health," the presentence investigator stated, "Mr. Craner indicates that sometime in 1993, he was sent up north somewhere and locked up in a mental health institution. He indicated he didn't know where or why." The presentence investigator, however, did not apparently follow-up to determine where and why Craner may have been previously mentally committed. There was no evaluation of the psychological factors surrounding the commission of Craner's offense. There was no discussion about Craner's belief that he was being poisoned through his hair and no discussion about the incident at the jail, other than to note those

occurrences. Although the presentence investigator stated in Craner's PSI that reports from the Canyon View Medical Center would be forwarded to the district court upon receipt, it appears that the presentence investigator failed to do so. As noted, the designated examiner's report was also omitted by the presentence investigator. For these reasons, we conclude that, because the PSI failed to meaningfully comply with the provisions of Rule 32, the district court possessed inadequate information concerning Craner's mental condition at the time of sentencing.

We hold that Craner has demonstrated a manifest disregard for the provisions of I.C.R. 32. Accordingly, Craner's judgment of conviction is affirmed. However, we vacate Craner's sentence and remand for resentencing upon receipt of an adequate report concerning Craner's mental condition.

Judge LANSING and Judge GUTIERREZ, concur.