**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34581**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )    **2010 Opinion No. 22** |
|      **Plaintiff-Respondent,** | ) |
| | )    **Filed: April 1, 2010** |
| v. | ) |
| | )    **Stephen W. Kenyon, Clerk** |
| MICHAEL L. JOCKUMSEN, | ) |
| | ) |
|      **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Ronald E. Bush, District Judge.

Sentence for attempted strangulation, <u>vacated</u>, and case <u>remanded for resentencing</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

LANSING, Chief Judge

On appeal from his judgment of conviction for attempted strangulation, Michael L. Jockumsen argues that the district court violated his Fifth Amendment privilege against self-incrimination and Idaho Code § 18-215 by considering for sentencing purposes information contained in reports of psychiatrists who performed competency evaluations of Jockumsen. Jockumsen also asserts that the district court erred when it failed to *sua sponte* order a separate mental health evaluation for sentencing purposes pursuant to I.C. § 19-2522. We vacate Jockumsen's sentence and remand for resentencing.

## I.

## BACKGROUND

Jockumsen was charged with second degree kidnapping, I.C. §§ 18-4501, 18-4503, and attempted strangulation, I.C. § 18-923(1), for holding his girlfriend captive and attempting to strangle her. Upon defense counsel's request, the magistrate court ordered that Jockumsen be

1

evaluated for mental competence to stand trial, and he was initially found to be incompetent. However, after subsequent evaluations, the district court determined that he was competent and accepted Jockumsen's guilty plea to attempted strangulation. The kidnapping charge was dismissed. No psychological evaluation was requested or ordered for sentencing purposes, but the reports from Jockumsen's competency evaluators were attached to the presentence investigation report (PSI). Information from these competency evaluations was referenced by the presentence investigator and reviewed by the district court for sentencing. The court expressed a need for additional information on Jockumsen's mental health and said that it intended to retain jurisdiction for 180 days and request that the Department of Correction prepare a mental health evaluation during the retained jurisdiction period. Jockumsen did not object to this proposal. Jockumsen was sentenced to a unified eight-year term of incarceration with three years fixed, with the court retaining jurisdiction for 180 days pursuant to I.C. § 19-2601.

As planned, before the hearing to determine whether to relinquish jurisdiction, and without objection from either party, the district court wrote to Dr. Mary Perrien, a psychiatrist at the Idaho Department of Correction, requesting that she prepare a report giving her opinion as to Jockumsen's mental health and whether he could be successful on probation. Along with the letter, the court sent to Dr. Perrien Jockumsen's competency evaluation reports, Jockumsen's letters to the court, and a copy of the PSI. After receiving Dr. Perrien's response, the court relinquished jurisdiction. On appeal, Jockumsen contends that the district court committed fundamental error by violating Jockumsen's Fifth Amendment right against self-incrimination, and also violated I.C. § 18-215, when it used information contained in Jockumsen's competency evaluations for sentencing purposes. Jockumsen also asserts that the district court erred by failing to *sua sponte* order a separate mental health evaluation for sentencing purposes pursuant to I.C. § 19-2522.

## II.

## DISCUSSION

### A. Fifth Amendment Violation

Jockumsen did not object to the trial court's use of his competency evaluations for sentencing purposes. When a party fails to preserve an issue for appeal through a timely objection, the issue ordinarily will be reviewed on appeal only if it constitutes fundamental error. *State v. Lovelass*, 133 Idaho 160, 167, 983 P.2d 233, 240 (Ct. App. 1999). The Idaho Supreme Court has defined fundamental error as,

2

such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

*State v. Johnson*, 145 Idaho 970, 979, 188 P.3d 912, 921 (2008); *State v. Christiansen*, 144 Idaho 463, 470, 163 P.3d 1175, 1182 (2007); *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). The Supreme Court has also described fundamental error as error which "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). *See also State v. Anderson*, 144 Idaho 743, 748, 170 P.3d 886, 891 (2007); *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003); *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). In addressing Jockumsen's claim of fundamental error, we begin by determining whether there was error at all. *See Anderson*, 144 Idaho at 748, 170 P.3d at 891.

Jockumsen asserts that because he was not warned that statements he made to the competency evaluators could be used against him and was not advised of his right against self-incrimination before the evaluations were conducted, the district court violated his Fifth Amendment rights by relying on information contained in his competency evaluations at sentencing, by not excluding the evaluations from use in the PSI, and by allowing the competency evaluations to be used in Dr. Perrien's subsequent mental health evaluation. The Fifth Amendment, which protects against compelled self-incrimination, applies to both the guilt and penalty phases of a trial. *Estelle v. Smith*, 451 U.S. 454, 462-63 (1981); *Estrada v. State*, 143 Idaho 558, 563-64, 149 P.3d 833, 838-39 (2006); *State v. Lankford*, 116 Idaho 860, 871-72, 781 P.2d 197, 208-09 (1989). Generally, the Fifth Amendment is not implicated in the course of a competency evaluation of one charged with a crime because any disclosures made by the defendant are not used against the defendant but are used only for the neutral, limited purpose of determining whether he is competent to stand trial. *See Estelle*, 451 U.S. at 465. However, Fifth Amendment rights come into play if disclosures made during a competency evaluation, or medical conclusions derived from such disclosures, are later used against the defendant at either the guilt or penalty phase of the proceedings. *Id*. *See also Estrada*, 143 Idaho at 564, 149 P.3d at 839 ("Incrimination is implicated . . . when punishment could be enhanced as a result of the defendant's statements"). Consequently, statements made by an accused during a competency evaluation, and psychiatric opinions based on those statements, generally may not be admitted

against the individual for sentencing purposes unless the defendant was advised of the right against self-incrimination and waived those rights. *Estelle*, 451 U.S. at 469.

An exception to this rule of the exclusion of statements made in competency evaluations can arise if the defendant introduces mental health evidence as a defense at trial or in mitigation at sentencing. The Supreme Court addressed this situation in *Buchanan v. Kentucky*, 483 U.S. 402 (1987), where the prosecutor and defense counsel had jointly moved the Court to order an evaluation of the defendant pursuant to a statute governing involuntary hospitalization for psychiatric treatment. The evaluation was conducted by Dr. Lange, without the defendant having waived his Fifth Amendment rights. At trial, the defendant attempted to establish the affirmative defense of "extreme emotional disturbance," and toward that end presented evidence from several evaluations of his mental condition, though not Dr. Lange's evaluation. In response to the defendant's mental health evidence, the prosecutor introduced Dr. Lange's evaluation, to which the defendant objected. The Supreme Court held there was no Fifth Amendment violation in this circumstance. The Court said that a defendant may not stand on the Fifth Amendment privilege to preclude the prosecution from using such an evaluation to rebut psychiatric evidence introduced by the defendant himself. The Court said, "If a defendant requests such an evaluation or presents psychiatric evidence, then, at the very least, the prosecution may rebut this presentation with evidence from the reports of the examination that the defendant requested." *Buchanan*, 483 U.S. at 422-23. *See also Powell v. Texas*, 492 U.S. 680, 684 (1989) ("[I]n *Buchanan* the Court held that if a defendant requests a psychiatric examination in order to prove a mental-status defense, he waives the right to raise a Fifth Amendment challenge to the prosecution's use of evidence obtained through that examination to rebut the defense."); *White v. Mitchell*, 431 F.3d 517, 536-37 (6th Cir. 2005) (holding that *Estelle* principles were not violated where a defendant introduced mental-state testimony of a psychiatrist, who referenced the competency evaluation as part of the materials he reviewed when forming his opinion, during the penalty phase of trial for mitigation purposes, thereby prompting the prosecution to use the competency evaluation on cross-examination for purposes of rebutting the defense witness's findings); *Copeland v. Washington*, 232 F.3d 969, 975-76 (8th Cir. 2000) (holding that the State could introduce testimony of competency evaluator that defendant did not have battered spouse syndrome at penalty phase of trial in rebuttal to defendant's introduction of psychiatric testimony that she did have battered spouse syndrome).

In this case, Jockumsen's competency evaluations were attached to the PSI and also were used by Dr. Perrien in formulating her report to the court. The district court used against Jockumsen statements that he made in the competency evaluations as the court determined whether Jockumsen's mental illness should be a mitigating factor in sentencing and whether he had taken responsibility for his actions. The court also used the evaluations adversely in making its decision to relinquish jurisdiction. Neither party here contends that Jockumsen was properly advised of his Fifth Amendment rights or warned that his statements could be used against him before he submitted to the competency evaluations, or that he thereafter knowingly waived those rights to enable the district court to consider the competency evaluations at sentencing. Neither did Jockumsen implicitly waive or forfeit his Fifth Amendment rights as occurred in *Buchanan* and *Powell*, for Jockumsen did not introduce mental health evidence at the sentencing hearing and thereby entitle the prosecution to use the competency evaluations as rebuttal evidence. Rather, the competency evaluations were improperly placed before the court as attachments to the PSI.[1] It thus appears that Jockumsen's Fifth Amendment privilege was violated in the same manner as occurred in *Estelle*.

The State argues that there was no error below because Jockumsen waived his Fifth Amendment privilege when he failed to exercise it by remaining silent during the competency evaluations. This is incorrect. As the United States Supreme Court stated in *Estelle*, the Fifth Amendment privilege generally is not implicated in a routine competency evaluation because it is contemplated that the defendant's disclosures will be used only to determine fitness to stand trial. *Estelle*, 451 U.S. at 465. Moreover, in Idaho, I.C. § 18-215 assures defendants that their statements made in competency evaluations will not be admissible against them on any issue other than competence, except to impeach the defendant. Therefore, Jockumsen had no reason to invoke his privilege against self-incrimination when the evaluations were being conducted because he had no reason to believe that his statements could later be used against him in the guilt or penalty phases of the proceedings. As in *Estelle*, it was only later, when the competency evaluations were considered at Jockumsen's sentencing, that his Fifth Amendment rights were implicated.

---

[1] If in any district court of this state it is a routine practice of the presentence investigator to attach copies of competency evaluations to PSIs, the practice should be discontinued.

5

Although we conclude that the use of Jockumsen's competency evaluations violated his Fifth Amendment rights, we find it unnecessary to address whether such error rose to the level of fundamental error because we also conclude that Jockumsen's sentence must be vacated for another reason--the trial court's failure to order a separate mental health evaluation for sentencing purposes.

**B.      Lack of a Mental Health Evaluation for Sentencing Purposes**

Idaho Code § 19-2522 specifies that "[i]f there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown," the court must appoint a psychiatrist or psychologist to evaluate and report upon the defendant's mental condition to inform the court's sentencing decision.  That statute further directs that the report of the examination should include the following:

> (a)  A description of the nature of the examination;
> (b)  A diagnosis, evaluation or prognosis of the mental condition of the defendant;
> (c)   An analysis of the degree of the defendant's illness or defect and level of functional impairment;
> (d)  A consideration of whether treatment is available for the defendant's mental condition;
> (e)  An analysis of the relative risks and benefits of treatment or nontreatment;
> (f)  A consideration of the risk of danger which the defendant may create for the public if at large.

I.C. § 19-2522(3).

The requirements of I.C. § 19-2522 are complimented by Idaho Criminal Rule 32 which specifies the elements to be included in the presentence report.  These elements include information on the health of the defendant where relevant to the sentencing decision, I.C.R. 32(b)(8), and, where appropriate, the presentence investigator's analysis and recommendation regarding a psychological examination, I.C.R. 32(b)(10).  A psychological evaluation is not required in every case where the defendant claims some mental illness or disability.  *See*, *e.g.*, *State v. Adams*, 137 Idaho 275, 278, 47 P.3d 778, 781 (Ct. App. 2002); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999); *State v. Hyde*, 127 Idaho 140, 150, 898 P.2d 71, 81 (Ct. App. 1995); *State v. Wolfe*, 124 Idaho 724, 726-28, 864 P.2d 170, 172-74 (Ct. App. 1993).  Rather, the decision of whether to obtain a psychological evaluation lies within the sentencing court's discretion.  I.C.R. 32(d); *State v. Durham*, 146 Idaho 364, 366, 195 P.3d 723, 725 (Ct. App. 2008); *State v. Craner*, 137 Idaho 188, 189, 45 P.3d 844, 845 (Ct. App. 2002); *Jones*, 132 Idaho at 442, 974 P.2d at 88.  As with any discretionary decision, however, the district court's action must be consistent with applicable legal standards.  *State v. McFarland*,

6

125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). A district court's election not to order a psychological evaluation will be upheld on appeal if the record can support a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately met the requirements of I.C. § 19-2522(3). *Durham*, 146 Idaho at 366, 195 P.3d at 725; *State v. Collins*, 144 Idaho 408, 409, 162 P.3d 787, 788 (Ct. App. 2007); *Craner*, 137 Idaho at 189, 45 P.3d at 845; *McFarland*, 125 Idaho at 879, 876 P.2d at 161. Where a defendant did not request a psychological evaluation or object to the absence of such an evaluation in the PSI, the defendant must demonstrate that by failing to order such an evaluation the sentencing court manifestly disregarded the provisions of I.C.R. 32. *Durham*, 146 Idaho at 366, 195 P.3d at 725; *Collins*, 144 Idaho at 409, 162 P.3d at 788; *Craner*, 137 Idaho at 189-90, 45 P.3d at 845-46; *Jones*, 132 Idaho at 442, 974 P.2d at 88.

Jockumsen contends that the district court was required to *sua sponte* order a psychological evaluation pursuant to I.C. § 19-2522 because the court had reason to believe that Jockumsen's mental health condition would be a significant factor at sentencing and had no other information before it that met the statute's requirements. By sentencing him without a psychological evaluation complying with section 19-2522, Jockumsen argues, the court acted with manifest disregard of I.C.R. 32.

Jockumsen's mental condition was plainly a significant factor for sentencing. He initially had been found mentally incompetent to assist with his defense or to stand trial. During his interviews with the competency evaluators and with the presentence investigator, Jockumsen claimed to have been treated for schizophrenia or psychosis in California and North Carolina, but the PSI contains no information either confirming or disproving this claim. The district court's comments at sentencing show that the court itself considered Jockumsen's mental condition to be an important factor. The court stated, for example:

> I'm not suggesting that mental illness isn't an issue I should consider. It is.
> . . . .
> You have these issues over mental illness, but even in that area, the record is somewhat ambiguous. There's suggestions that you have a diagnoses [sic] of mental illness that are [sic] problematic for you. . . .
> . . . .
> The fact of the matter is that right now, Mr. Jockumsen, you are a risk to the community. What I'm having trouble getting my arms around is whether it's because that's a result of your criminal thinking or whether it's the result of issues of mental illness or whether it's some combination of the two.

7

Moreover, after pronouncing sentence the court ordered a further psychological assessment while Jockumsen was on retained jurisdiction, acknowledging that it lacked sufficient information on Jockumsen's mental health at the time of sentencing.

The district court ultimately determined to sentence Jockumsen, obtain an additional mental health report during retained jurisdiction and, thereupon, reevaluate the sentence at the jurisdictional review hearing. We cannot deem this sufficient compliance with section 19-2522. In *State v. Banbury*, 145 Idaho 265, 269, 178 P.3d 630, 634 (Ct. App. 2007), we held that an order for a psychological evaluation to be completed during a retained jurisdiction period could not satisfy the I.C. § 19-2522 requirement because the statute contemplates that the evaluation be conducted before sentence is imposed, and "[o]nly by requiring receipt of the evaluator's report before the sentencing hearing may the trial court ensure that the purpose of I.C. § 19-2522 will be fulfilled." *Id.* As we said in *State v. Coonts*, 137 Idaho 150, 153, 44 P.3d 1205, 1208 (Ct. App. 2002), "[T]he statute requires that the evaluation be conducted *before* sentencing so that the trial court will have the benefit of the evaluator's insights in fashioning an appropriate sentence." Therefore, we conclude the district court here did not have before it information that adequately met the requirements of I.C. § 19-2522(3) at the time of sentencing.

It is consequently necessary to remand for resentencing. On remand, the district court must order a psychological evaluation in compliance with I.C. § 19-2522.[2]

### III.

### CONCLUSION

Jockumsen's sentence is vacated and this case is remanded for further proceedings consistent with this opinion.[3]

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2]     Having vacated Jockumsen's sentence on this basis, we need not specifically address his argument that use of his competency evaluations for sentencing also violated I.C. § 18-215.

[3]     As we noted in *State v. Rodriguez*, 132 Idaho 261, 262 n.1, 971 P.2d 327, 328 n.1 (Ct. App. 1998), "The use of a PSI does not end with the defendant's sentencing. The report goes to the Department of Corrections and may be considered by the Commission of Pardons and Parole in evaluating the defendant's suitability for parole. . . . In addition, if the defendant reoffends, any prior PSI is usually presented to the sentencing court with an update report from the presentence investigator." In light of these concerns, the district court should cross out the portions of the PSI referencing the competency evaluations in violation of Jockumsen's Fifth Amendment right against self-incrimination, detach the competency evaluations from the PSI, and forward a corrected copy to the Department of Correction.