IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40600

| JAMES NEIL MOEN, | ) | 2014 Unpublished Opinion No. 768 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Michael J. Griffin, District Judge.

Judgment of the district court summarily dismissing amended petition for post-conviction relief, affirmed in part, reversed in part, and case remanded.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

James Neil Moen appeals from the judgment of the district court summarily dismissing his amended petition for post-conviction relief. For the reasons that follow, we affirm in part, reverse in part, and remand.

I.

FACTS AND PROCEDURE

This post-conviction action arises out of Moen's conviction for felony driving under the influence. As part of a plea agreement, Moen pled guilty to felony driving under the influence and was sentenced to a unified term of eight years, with three years determinate.[1] The trial court

---

[1] According to the parties' briefing, the plea agreement dismissed a persistent violator allegation and reduced a domestic battery charge to misdemeanor battery. Although the facts in the briefing are quite detailed, the record that was properly before the district court, and thus properly before this Court, contains little background information, save for the judgment of conviction. For instance, Moen's appellate brief contains more than twenty-five pages of facts,

retained jurisdiction for 180 days and stated in its judgment of conviction that it strongly recommended Moen participate in "A New Directions" program and that "Level A" be used.[2] The judgment of conviction further stated that "attention should be paid by the Department of Correction to the applicable mental health condition ___," and the judge wrote, "Please provide a mental health evaluation." After several continuances, the court conducted a jurisdictional review hearing. The court relinquished jurisdiction and modified Moen's sentence to a unified term of eight years, with one-and-a-half years determinate.

Moen then filed a pro se Rule 35 motion for reduction of his sentence. Among other things, Moen alleged that his mental health issues were not addressed or taken into consideration during sentencing. Moen also filed a request for appointment of counsel. The trial court denied Moen's motion for reduction of sentence after determining that it was meritless, and therefore found that the appointment of counsel was unnecessary. Moen appealed that decision, and we affirmed in *State v. Moen*, Docket No. 35907 (Ct. App. Oct. 15, 2010) (unpublished). In part, we discussed Moen's claim that his mental health issues were not addressed or taken into consideration:

> At the sentencing hearing, Moen submitted a competency evaluation and a substance abuse assessment for the district court's consideration. The competency evaluation provided diagnoses of adjustment disorder with anxiety and personality disorder with antisocial and narcissistic features, and the assessment provided that Moen had indications of mental health problems. The competency evaluation also explained that Moen acts out antisocially and has difficulty coping with the legal system when he does not get his way. At the jurisdictional review hearing, the district court inquired whether Moen had the resources to obtain a psychological evaluation. After Moen's counsel stated that it was likely that an evaluation could be accomplished, the district court continued the hearing. At the continued hearing, Moen requested another continuance so that he could complete a psychological evaluation, which the district court granted. However, when the hearing was finally held, Moen proceeded despite the fact that no evaluation had been accomplished. Moen has failed to show that the district court did not take into consideration his mental issues.

*Moen*, Docket No. 35907 (footnote omitted).

including several pages that cite to transcripts and block quotations that are not part of the record before this Court.

[2] It is not clear from the record what Level A is, but presumably it is a level of treatment.

2

After we affirmed the denial of his Rule 35 motion, Moen filed a pro se petition for post-conviction relief, alleging judicial misconduct and ineffective assistance of defense counsel and appellate counsel. Moen also moved the court to appoint counsel, and the district court subsequently appointed the public defender to represent Moen. Although Moen was represented, he attempted to file numerous documents, motions, and letters with the court. Subsequently, counsel filed an amended petition[3] on Moen's behalf. The amended petition alleged ineffective assistance of defense counsel, alleged that Moen was denied procedural due process by the court refusing to obtain a psychological evaluation prior to sentencing and prior to the jurisdictional review hearing, and alleged that Moen was denied procedural due process when the court permitted the State to prosecute Moen upon an information, rather than an indictment. Even after the amended petition was filed and although he was represented by the public defender's office, Moen continued to send documents to the district court.

In the course of proceedings below, three public defenders represented Moen. The last public defender moved to withdraw and, following a hearing, the court announced that it would grant the third attorney's motion to withdraw, but the judge stated that he wanted to take a fresh look at Moen's post-conviction petition.

Two weeks after the hearing, the district court filed a notice of intent to dismiss[4] that generally determined that the amended petition contained unsubstantiated, conclusory allegations and did not contain evidence sufficient to support any ground for relief.[5] On the same day, the

---

[3]     The amended petition was referred to as a supplemental petition by Moen's attorney. However, supplemental pleadings "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief." Idaho Rule of Civil Procedure 15(d). The pleading filed by Moen's attorney addresses the original transaction or occurrence in the pro se petition and is, instead, an amended pleading. *See* I.R.C.P. 15(a). Moreover, throughout the proceedings below, the district court treated the "supplemental petition" as an amended pleading, and Moen did not object to the district court's treatment of the "supplemental petition."

[4]     Although the State filed a motion to dismiss, the district court's notice of intent to dismiss was not based upon the State's motion.

[5]     The district court's notice of intent contained other grounds and further discussion that was not reiterated in the order summarily dismissing Moen's amended petition for post-conviction relief.

district court also filed an order allowing the third attorney to withdraw. Coincidentally, a "Motion for Rehearing on Summary Disposition to Preserve Thirty Constitutional Violations in P.C.R. that Attorney Failed to do" was file stamped on the same day, although it had been signed by Moen and presumably sent while Moen was still represented. The district court entered an order, also on the same day, denying that motion. In the order the court noted, "There has been no hearing on the State's motion for summary disposition," and further stated, "The only matter pending before the court is the Notice of Intent to Dismiss which the petitioner has not yet replied to."

Moen moved for re-appointment of counsel and filed a "Motion to Dismiss Prosecutions 'Notice of Intent to Dismiss' and Moves for Evidentiary Hearing." Additionally, Moen filed an affidavit that set forth various accusations and listed issues, exhibits, and citations to various legal sources.[6] The district court then denied Moen's motion for appointment of counsel, finding that an attorney would not assist Moen in presenting a valid claim. Subsequently, the court ordered Moen's amended petition for post-conviction relief be summarily dismissed because Moen failed to state grounds upon which relief could be granted. The court noted that Moen filed additional documents, but it determined that Moen did not produce admissible evidence to support his claims for post-conviction relief. Moen appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil

---

[6]     For example, the affidavit stated, "The Petitioner accuses the State of Idaho of (ignoring) all the fact and support State and federal laws that are in the Petitioner[']s argument that proves the State is and has violated the Petitioner[']s right of the constitution."

4

Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d

5

870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

### III.

### ANALYSIS

In this appeal, we address numerous arguments raised by Moen in his voluminous, seventy-eight-page opening appellate brief. We begin by addressing Moen's arguments that the district court denied him a meaningful opportunity to present his post-conviction claims; refused to address the various issues that Moen raised in his pro se filings during the time he was represented by counsel; and violated his right to due process by, sua sponte and without prior

notice, dismissing several claims raised by him, including claims that he raised in his pro se filings. We then turn to Moen's argument that the district court erred by not appointing replacement counsel. Because we must consider whether Moen alleged facts that raised the possibility of a valid claim, we concurrently address Moen's remaining issue of whether the district court erred by summarily dismissing his amended petition for post-conviction relief.

## A.   Opportunity to Present Claims, Pro Se Filings, and Notice of Intent to Dismiss

Moen contends that the district court violated his right to due process by denying him a meaningful opportunity to present his post-conviction claims. Moen argues that he was denied due process when the district court initially did not accept or file the first post-conviction petition he attempted to file. This claim is now moot because the district court subsequently accepted and filed the pro se post-conviction petition.

Moen also claims that the district court refused to address the various issues that he raised in his pro se filings during the time he was represented by counsel. When a party is represented, every pleading, motion, or other paper filed on behalf of the party must be signed by an Idaho licensed attorney. I.R.C.P. 11(a)(1) ("Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho, in the attorney's individual name, whose address shall be stated before the same may be filed."). As the Pennsylvania Supreme Court articulated, "We will not require courts considering [post-conviction] petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants." *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999); *accord Commonwealth v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993) ("[A defendant may not] confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf."). Accordingly, the district court did not deny Moen due process by not considering the pro se filings by Moen while he was represented.

Moen next maintains that the district court violated his right to due process by, sua sponte and without prior notice, dismissing several claims raised by him, including claims that he raised in his pro se filings. The State contends that Moen was provided the notice he was due. Here, the notice of intent informed Moen that the amended petition was "not supported by evidence which would raise a genuine material issue of fact regarding *any* of the claims for relief set forth in the [amended] petition." (Emphasis added.) Whether this notice of intent was sufficient is an issue that we may not address on appeal because Moen did not raise it before the district court.

7

*See Kelly*, 149 Idaho at 522, 236 P.3d at 1282 ("Clearly, the State's [motion for summary dismissal] gave Kelly notice of the ground on which this claim was dismissed, irrespective of whether that notice was sufficient (an issue Kelly waived by failing to raise it before the district court) it was notice nonetheless."). Additionally, as we discussed above, the district court was not bound to consider Moen's pro se filings.

**B.      Refusal to Appoint Replacement Counsel and Summary Dismissal**

We now turn to the issue of whether the district court abused its discretion when it refused to appoint replacement counsel. The State argues that Moen had the benefit of at least two attorneys, that Moen's claims are frivolous or meritless, and that Moen's rights are limited by the statute providing for the right to counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court, and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

8

When a district court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Because in addressing the issue of appointment of replacement counsel we must determine whether Moen's amended petition alleged facts that raised the possibility of a valid claim, we concurrently address Moen's argument that the court erred by summarily dismissing his amended petition for post-conviction relief. Moen contends that he raised a genuine issue of material fact on several issues, including whether (1) he was entitled to relief due to the trial court's failure to sua sponte order a psychological evaluation for sentencing and its decision to proceed with the jurisdictional review hearing notwithstanding the unavailability of the scheduled psychological evaluation and other supporting documentation; (2) Moen's right to due process was violated when the trial court accepted Moen's plea; (3) the trial court violated his right to a fair tribunal; (4) the State violated Moen's substantial right to be tried on charges presented in an indictment returned by a grand jury; and (5) defense counsel provided ineffective assistance of counsel. We address these claims in turn.

### 1. Failure to sua sponte order a psychological evaluation

Moen claims he raised a genuine issue of material fact as to whether the trial court violated his right to due process by failing to sua sponte order a psychological evaluation prior to sentencing and by proceeding with a jurisdictional review hearing without a psychological evaluation. At sentencing, procedural due process requires that "(1) the defendant must be afforded a full opportunity to present favorable evidence; (2) the defendant must be given a reasonable opportunity to examine all materials contained in the presentence report; and (3) the defendant must be afforded a full opportunity to explain and rebut adverse evidence." *State v. Gain*, 140 Idaho 170, 174-75, 90 P.3d 920, 924-25 (Ct. App. 2004) (citing *State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct. App. 1985)); *see also State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969) (discussing procedural due process in both probation application and probation revocation proceedings).

Relevant to this appeal, Idaho Code § 19-2522 requires a trial court to appoint at least one psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant "[i]f there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown." I.C. § 19-2522(1); *accord State v. Coonts*, 137 Idaho 150, 152, 44 P.3d 1205, 1207 (Ct. App. 2002) ("The language of this statute is mandatory, requiring that the trial court obtain a psychological evaluation whenever there is reason to believe that the defendant's mental condition will be of significance for the determination of an appropriate sentence."). Under certain conditions, a court may consider a previously conducted mental health examination instead of ordering a new evaluation. I.C. § 19-2522(6). If a court orders an evaluation under Idaho Code § 19-2522(1), the evaluation must be conducted before sentencing. *Coonts*, 137 Idaho at 153, 44 P.3d at 1208. A court-ordered psychological evaluation completed during a period of retained jurisdiction does not satisfy section 19-2522(1)'s requirement that the evaluation be completed before sentencing. *State v. Jockumsen*, 148 Idaho 817, 823, 229 P.3d 1179, 1185 (Ct. App. 2010); *State v. Banbury*, 145 Idaho 265, 269, 178 P.3d 630, 634 (Ct. App. 2007).

In Moen's amended petition for post-conviction relief, Moen contended that the trial court denied him procedural due process by not sua sponte ordering a psychological evaluation prior to sentencing and prior to relinquishing jurisdiction. When the trial court failed to sua sponte order a psychological evaluation before sentencing, Moen argues that he was deprived of a full opportunity to present favorable evidence and to explain and rebut adverse evidence. Similarly, when the trial court relinquished jurisdiction without a psychological evaluation, Moen contends that he was prevented from providing mitigating information and from rebutting adverse information. The State contends that Moen was given an opportunity to examine and respond to the psychological evidence presented at sentencing and to provide additional psychological evidence. In addition, the State asserts that Moen's argument contending that the trial court was required to sua sponte order a psychological evaluation is frivolous.

We are persuaded that the district court did not err by summarily dismissing this claim. The heart of Moen's argument on appeal is that the trial court's failure to sua sponte order an evaluation before sentencing violated Moen's constitutional right to due process. This argument has been rejected by the Idaho Supreme Court. *State v. Clinton*, 155 Idaho 271, 273, 311 P.3d 283, 285 (2013) ("Because the district court's failure to sua sponte order the evaluation did not

10

violate a constitutional right, it does not constitute a fundamental error that is reviewable on appeal."). Additionally, Moen's argument that he was denied due process at the jurisdictional review hearing is contravened by *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001) (concluding that no constitutionally protected liberty interest exists at a jurisdictional review hearing). Because Moen did not allege facts that raised the possibility of a valid claim, the district court did not abuse its discretion by not appointing replacement counsel to assist Moen with this claim.

### 2. Acceptance of the guilty plea

Moen next contends that he raised a genuine issue of material fact as to whether the trial court violated his right to due process by accepting an involuntary and unintelligent plea. Additionally, Moen argues that he raised a genuine issue of material fact as to whether the trial court violated his right to due process by imposing additional conditions to the plea agreement with which he could not comply. We do not consider these issues on appeal because the issues were not raised in the amended petition and were not considered by the district court. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (explaining that, generally, issues not raised below may not be considered for the first time on appeal). Because Moen did not allege facts that raised the possibility of valid claims in his amended petition, the district court did not abuse its discretion by not appointing replacement counsel to assist Moen with these claims.

### 3. Fair tribunal

Moen also claims that he raised a genuine issue of material fact as to whether he was denied a fair tribunal. We do not consider this issue on appeal because the issue was not raised in the amended petition and was not considered by the district court. *See id.* (explaining that, generally, issues not raised below may not be considered for the first time on appeal). Because Moen did not allege facts that raised the possibility of a valid claim in his amended petition, the district court did not abuse its discretion by not appointing replacement counsel to assist Moen with this claim.

### 4. Grand jury

Moen asserts that he raised a genuine issue of material fact as to whether the State violated a substantial right by trying him via an information rather than by a grand jury indictment. According to Moen, *McDonald v. Chicago*, 561 U.S. 742 (2010), revised the

analysis used by the United States Supreme Court in *Hurtado v. California*, 110 U.S. 516 (1884), and application of the *McDonald* standard to the right to be indicted by a grand jury establishes that the right applies to the states via the Fourteenth Amendment. Citing *Hurtado*, the State argues that the claim is frivolous, contending that Moen did not have a federal constitutional right to a grand jury indictment in a state court criminal proceeding. We agree with the State that Moen's argument, which fills more than two pages in Moen's brief, is frivolous. *McDonald* did not purport to change *Hurtado*, and it is well established that the State may proceed by indictment or information. *Warren v. Craven*, 152 Idaho 327, 330, 271 P.3d 725, 728 (Ct. App. 2012). Accordingly, the district court did not err by summarily dismissing this claim. Moreover, because Moen did not allege facts that raised the possibility of a valid claim, the district court did not abuse its discretion by not appointing counsel to assist Moen with this claim.

      **5.**      **Ineffective assistance of counsel**

Moen next claims he raised a genuine issue of material fact as to whether his defense counsel provided ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### a.     Guilty plea

Moen asserts that he raised a genuine issue of material fact as to whether he received ineffective assistance of counsel during plea negotiations and entry of the plea. Although Moen's pro se petition asserted that "Petitioner claims he was coerced, threaten[ed] and intimidated by counsel with acts of misconduct on all parties if [a] guilty plea was not entered," this issue was not raised in the amended petition. We do not consider this issue on appeal because the issue was not raised in the amended petition and was not considered by the district court. *See Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. Because Moen did not allege facts that raised the possibility of a valid claim, the district court did not abuse its discretion by not appointing counsel to assist Moen with this claim.

### b.     Psychological evaluation

In his amended petition, Moen asserted that his attorney at sentencing provided ineffective assistance of counsel by not requesting an Idaho Code § 19-2522 mental health evaluation before or at sentencing. Specifically, Moen averred that his defense counsel at sentencing had an Idaho Code § 18-211 report concerning Moen's fitness to proceed at trial which "diagnosed [him] as having personality disorder and adjustment disorder with narcissistic and antisocial features." Moen also asserted that defense counsel at sentencing had a substance abuse assessment and mental health screening. According to the amended petition, Moen's defense counsel referred to both reports when she requested that the Department of Correction perform a mental health evaluation. Thus Moen asserted that defense counsel at sentencing was deficient for failing to seek an Idaho Code § 19-2522 presentence mental health evaluation and that he was prejudiced.

Although the facts alleged in the amended petition do not fully establish the existence of this claim, they do at least raise the possibility of it. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Another attorney may assist Moen to develop this claim by presenting additional facts, including the transcripts, to help develop this claim. *See Plant*, 143 Idaho at 762, 152 P.3d at 633 ("Admittedly, [Plant's] allegations do not state particular facts upon which Plant premises his contention that there was a violation of the Fourth Amendment knock and announce rule or Idaho's knock and announce statute, I.C. § 19-4409, but it is possible that with the assistance of counsel, such facts could be presented."). Accordingly, the district court abused its discretion by denying Moen's request for appointment of replacement counsel. Because the district court

should have appointed replacement counsel to assist Moen with the development of this claim, we reverse the judgment summarily dismissing the amended petition and remand the case to the district court to appoint counsel to assist Moen in developing the ineffective assistance of counsel claim concerning the psychological evaluation for sentencing purposes.

Similarly, in his amended petition, Moen asserted that his attorney at the jurisdictional review hearing provided ineffective assistance of counsel by not requesting an I.C. § 19-2522 psychological evaluation. However, our case law instructs that a court-ordered psychological evaluation completed during a period of retained jurisdiction does not satisfy section 19-2522(1)'s requirement that the evaluation be completed before sentencing. *Jockumsen*, 148 Idaho at 823, 229 P.3d at 1185; *Banbury*, 145 Idaho at 269, 178 P.3d at 634. For this reason, an attorney representing a client after sentencing but before the retained jurisdiction hearing does not provide deficient performance when the attorney does not seek a section 19-2522 mental health evaluation. Accordingly, the district court did not err by summarily dismissing this claim. Because Moen did not allege facts that raised the possibility of a valid claim in his amended petition, the district court did not abuse its discretion by not appointing replacement counsel to assist Moen with this claim.

### 6. Other claims

In his opening appellate brief, Moen utilizes ten pages to list and analyze several claims that he asserts could have been raised had replacement counsel been appointed. These claims were not raised in the pro se petition or amended petition. Because Moen did not allege facts that raised the possibility of these claims in his amended petition and because Moen did not explain in his amended petition why affidavits, records, or other evidence supporting these claims were not included, I.C. § 19-4903, the district court did not abuse its discretion in not appointing replacement counsel to assist Moen with these claims.

As an aside, we remind counsel that Idaho Appellate Rule 11.2(a) specifies that an attorney's signature on an appellate brief filed in this State certifies that the brief "is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." In criminal appeals, attorneys may be required to submit a brief, even if the brief raises frivolous issues. *See State v. McKenney*, 98 Idaho 551, 552, 568 P.2d 1213, 1214 (1977) (per curiam) (rejecting the *Anders v. California*, 386 U.S. 739 (1967) approach, and holding, "that once counsel is appointed to represent an indigent client

14

during appeal on a criminal case, no withdrawal will thereafter be permitted on the basis that the appeal is frivolous or lacks merit"). However, post-conviction appeals are civil in nature, *see* I.C. § 19-4907; *Yakovac*, 145 Idaho at 443, 180 P.3d at 482, and are not subject to *McKenney*. Idaho Appellate Rule 11.2(a) authorizes this Court to "impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of [the document] including a reasonable attorney's fee." A great many of the claims of error raised in this appeal were frivolous either because they were moot or not raised in either the original or amended petition, or because they were utterly without support in the law or a good faith argument for modification of the law.

## III.

## CONCLUSION

We conclude that Moen's argument that the district court denied him a meaningful opportunity to present his post-conviction claims is moot. We also conclude that the district court did not abuse its discretion by not considering the pro se filings by Moen while he was represented. We further conclude that the district court did not violate Moen's right to due process by dismissing several post-conviction claims sua sponte and without notice. To the contrary, the district court gave Moen notice that his claims were not supported by admissible evidence that would raise a genuine issue of material fact for *any* of the claims raised by Moen, and the sufficiency of the notice may not be challenged on appeal because Moen did not object below.

As to Moen's contention that the court erred by failing to appoint replacement counsel, we conclude that Moen's amended petition failed to allege facts raising the possibility of a valid claim except for the claim of ineffective assistance of counsel concerning the psychological evaluation for sentencing purposes. The district court should have appointed replacement counsel to assist Moen with this claim. Accordingly, we affirm in part and reverse in part the judgment of the district court summarily dismissing Moen's amended petition and remand for further proceedings consistent with this opinion.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**

15