**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33346**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2007 Opinion No. 36** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: May 31, 2007** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| MATTHEW SCOTT COLLINS, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction, affirmed; sentence for malicious injury to property vacated; case remanded.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Chief Judge

In this case we are asked to determine whether the district court abused its discretion by failing to sua sponte order a psychological evaluation of Collins prior to the imposition of sentence or in refusing to grant probation following a period of retained jurisdiction. For the reasons set forth below, we affirm the judgment of conviction but vacate Collins's sentence and remand.

After his arrest for deliberately crashing a stolen vehicle, Matthew Scott Collins pled guilty to one count of felony malicious injury to property, I.C. § 18-7001(2)(a), and one count of misdemeanor eluding a peace officer, I.C. § 49-1404(1). Following his plea, Collins was sentenced to a unified term of five years, with a minimum period of confinement of two years for felony malicious injury to property and a term of 180 days of confinement for misdemeanor eluding a peace officer. Collins's sentences were ordered to run concurrently. The district court

1

retained jurisdiction for 180 days, and Collins was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).[1]

After Collins completed evaluation at NICI, the jurisdictional review committee recommended relinquishment of jurisdiction. The district court thereafter relinquished jurisdiction. Collins appeals. Collins asserts that the district court erred by failing to sua sponte order a psychological evaluation prior to the imposition of his sentence. Collins also argues the district court abused its discretion in relinquishing jurisdiction. Because we vacate Collins's sentence and remand for resentencing, we do not reach the district court's decision to relinquish jurisdiction.

The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition. The mental condition of a defendant can be a significant factor at sentencing when it may be an underlying factor in the crime at issue, for example, when the actions of the defendant are contrary to his or her history and character. *See State v. French*, 95 Idaho 853, 855, 522 P.2d 61, 63 (1974); *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). A court-ordered psychological evaluation can assist the sentencing court in assessing the defendant's capacity to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law at the time of the offense charged. *See* I.C. §19-2523(1)(f). The evaluation can also aid the sentencing court in determining whether to authorize psychological treatment during a defendant's confinement or probation. *See* I.C. §19-2523(2).

We will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court

---

[1]	Collins has, at this time, served his 180-day sentence for misdemeanor eluding a peace officer. Consequently, this opinion addresses his remaining sentence for felony malicious injury to property.

adequately meets the requirements of I.C. § 19-2522(3). *McFarland*, 125 Idaho at 879, 876 P.2d at 161. Where a defendant fails to request a psychological evaluation or object to the PSI on the ground that an evaluation has not been performed, the defendant must demonstrate that by failing to order a psychological evaluation the sentencing court manifestly disregarded the provisions of I.C.R. 32. *Jones*, 132 Idaho at 442, 974 P.2d at 88. In those instances where either this Court or our Supreme Court has found error in the district court's failure to order a psychological evaluation, we have relied upon information omitted from, or contained within, a presentence investigation report (PSI) to identify the need for a psychological evaluation. *Id.*

The events leading to Collins's criminal activity began with an argument with his mother at her home wherein he vocalized his intent to commit suicide and brandished an unloaded firearm to that end. Unable to find ammunition for the firearm, Collins left the house, stole his mother's vehicle, and led the police on a high speed chase. Collins, driving at approximately fifty m.p.h., deliberately crashed into a parked vehicle at his stepfather's residence. Directly after the crash, Collins was clearly upset and, while crying and being held by his stepfather, repeated that he was sorry and just wanted to die. After being arrested, Collins was initially taken to the Department of Health and Welfare where he was interviewed by a designated examiner. During the questioning, Collins claimed he was trying to kill himself when he crashed the vehicle. The examiner did not think that Collins needed to go to the state hospital but clearly needed help. The examiner sent Collins to Behavioral Health Services (BHS) for protective custody and further monitoring. Collins remained at BHS for the next six days, and Collins was prescribed unspecified medication during his stay.

Thus, significant evidence indicates that Collins's criminal actions here--eluding the police and intentionally destroying the property of another by deliberately crashing a stolen vehicle--were part of a suicide effort. Collins's claim that he was attempting to kill himself is substantiated by the speed at which he was traveling when he crashed the vehicle. The PSI notes that Collins reported having been previously diagnosed as manic depressive, but provides no follow-up investigation as to when or how that diagnosis was made. While the PSI also notes that BHS prescribed medication for Collins, which he at that time had yet to acquire, it does not describe what the medication was or why it had been prescribed. Additionally, the result of the suicide evaluation of Collins that was allegedly performed at BHS was not included in the PSI nor is it included in the record on appeal. The evidence before the district court gives no

information about the likelihood that Collins's behavior could be significantly improved through mental health treatment.

At sentencing, the district court reached conclusions regarding Collins's mental condition. Specifically, the district court stated: "I don't think you were trying to kill yourself. I think you were just lashing out in anger at the circumstances and everything around you." The district court then went on to conclude that Collins "may need some mental health intervention. I rather suspect you do. But even with that, that's not someone else's responsibility." As these statements demonstrate, the district court made decisions about Collins's mental condition, the role it played in his crimes, and how that was to affect his sentence, without any formal psychological evaluation to assist in that determination. In making its sentencing decisions in the absence of any specific information on Collins's mental condition, the district court manifestly disregarded the provisions of I.C.R. 32 and abused its discretion.

Finally, the district court retained jurisdiction and ordered that Collins receive mental health and anger management evaluations while at the NICI. However, the NICI report provided no assessment of Collins's mental condition. Even though the district court acknowledged at sentencing that there was a need to assess Collins's mental health while at NICI, it went on to relinquish jurisdiction based on the inadequate NICI report and in the absence of any mental health evaluation. Accordingly, we affirm the judgment of conviction but vacate Collins's sentence and remand. Upon remand, a complete evaluation of Collins's mental condition in compliance with I.C. § 19-2522 should be conducted before resentencing.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**