**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33310**

| | |
|---|---|
| STATE OF IDAHO, | 2010 Opinion No. 38 |
| Plaintiff-Respondent, | Filed: June 1, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| OLIVIA KAY SCHULTZ, | |
| Defendant-Appellant. | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Monte B. Carlson, District Judge.

Judgment of conviction and unified sentence of eight years with two years determinate for burglary, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Olivia Kay Schultz appeals from her judgment of conviction and sentence for burglary. Idaho Code § 18-1401. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Shultz took a restaurant owner's wallet after being allowed to make a call in the restaurant's office. Shultz pled guilty to burglary under I.C. § 18-1401. The district court sentenced Shultz to a unified term of eight years with two years determinate and retained jurisdiction. Following completion of the period of retained jurisdiction, the court suspended Shultz's sentence and placed her on probation for three years. Thereafter, the court revoked her probation for violating its terms, ordered execution of the original sentence, and again retained jurisdiction. Following completion of the second period of retained jurisdiction, the court relinquished jurisdiction and ordered execution of the original sentence. Shultz appeals.

1

## II.

## ANALYSIS

Shultz argues the district court erred by failing to sua sponte obtain a psychological evaluation before sentencing, erred in relinquishing jurisdiction after the second period of retained jurisdiction, and erred by failing to sua sponte reduce the sentence.

The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19-2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing, or if the information already before the court adequately meets the requirements of I.C. § 19-2522(3). *Id*. Where a defendant fails to request a psychological evaluation, or object to the presentence investigation report (PSI) on the ground that an evaluation has not been performed, the defendant must demonstrate that by failing to order a psychological evaluation, the sentencing court manifestly disregarded the provisions of I.C.R. 32. *Jones*, 132 Idaho at 442, 974 P.2d at 88.

The record does not reflect a reason to believe that Shultz's mental condition would be a significant factor at sentencing. The PSI included a statement from Shultz's adoptive mother regarding her childhood and early life. It is unclear how recent the mother's impression of Shultz was because she had lost track of Shultz and seldom heard from her. Shultz had run away from home and her adoptive parents placed her in a supervised home where she received a psychological evaluation. An August 21, 1992, psychological evaluation stated that Shultz was

2

referred for evaluation for threatening to run away, suspected depression, possible suicidal thoughts, poor school performance, and a general dysfunctional behavior. The evaluation found Shultz to have a low intelligence, but no learning disabilities or attention deficits. No evidence of gross psychopathology of a thought process, hallucination, delusions, paranoid ideations, or active psychotic process was found. The report stated:

> [S]eems to be a very sensitive, insecure, sad, inadequate feeling, adolescent female who has had a very rough and traumatic past, has experienced some very negative situations which have done much damage to her psychologically, and as a result she is having difficulty relating now, and coping with what she perceives as a very threatening environment.

The report diagnosed her with dysthymic disorder and ruled out post-traumatic stress disorder.

Evidence in the PSI emphasized that Shultz's troubles came from drug abuse. An April 10, 2006, letter from the Idaho Department of Health and Welfare stated:

> I am responding to your request for information regarding Olivia Shultz to assist you in your pre-sentence investigation. I did an assessment of her on October 11, 2005 and recommended that she continue with individual therapy at that time. She did not return for services after that assessment. She was scheduled for another assessment April 3, 2006, but did not show up for that appointment. In my assessment of October 11, I determined that most of her troubles at that time were due to her methamphetamine abuse rather than from an underlying mental illness. She appears to need substance abuse treatment more than she does mental health treatment at this time. Based on her noncompliance with mental health treatment and due to the fact that there is not an underlying mental illness, I do not believe her to be a good candidate for treatment at mental health at this time.

The presentence investigator noted that Shultz denied having used methamphetamine in the last two and one-half years but had been arrested for possession of a controlled substance only a year earlier. The presentence investigator largely agreed with the assessment from Health and Welfare and while recommending it would be beneficial to Shultz to participate in therapy, concluded Shultz needed a substance abuse evaluation and did not recommend further psychological evaluation. Although Shultz claimed to have dealt with mental health issues throughout her life, the record does not establish a reason to believe her mental condition was a significant factor for sentencing.

The purpose of a court-ordered psychological evaluation is to assist the sentencing court in assessing the defendant's capacity to appreciate the wrongfulness of the underlying conduct or

to conform to the requirements of the law at the time of the offense. I.C. § 19-2523(1)(f); *State v. Collins*, 144 Idaho 408, 409, 162 P.3d 787, 788 (Ct. App. 2007). The evaluation can also aid the sentencing court in determining whether to authorize psychological treatment during a defendant's confinement or probation. I.C. § 19-2523(2); *Collins*, 144 Idaho at 409, 162 P.3d at 788. Although not exclusive, a defendant's mental condition can be a significant factor at sentencing when that condition may be a key underlying factor in the defendant's commission of the crime, especially when the actions are a serious departure from the defendant's history and character. *See State v. French*, 95 Idaho 853, 855, 522 P.2d 61, 63 (1974); *McFarland*, 125 Idaho at 877-79, 876 P.2d at 159-61; *State v. Sabin*, 120 Idaho 780, 783-84, 820 P.2d 375, 378-79 (Ct. App. 1991). Here, Shultz stated that she committed the crime because of a lack of finances rather than any reason associated with mental health. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in not ordering a psychological evaluation.

Shultz further argues that the court erred in relinquishing jurisdiction after the second period of retained jurisdiction, and by failing to sua sponte reduce her sentence. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying these standards and, again, having reviewed the record in this case, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Shultz's original sentence without modification.

4

## III.

## CONCLUSION

The district court did not err by failing to order a psychological evaluation. The district court did not error by relinquishing jurisdiction and ordering execution the original sentence without modification. Shultz's judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**