**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44191**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 19 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 2, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES DARNELL BLACK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Sentence vacated and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

James Darnell Black appeals from his judgment of conviction after pleading guilty to criminal possession of a financial transaction card. He argues that the district court erred in denying Black's request for a presentence psychological evaluation and that his sentence is excessive. We remand for proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following reports of fraudulent use of credit cards, law enforcement officers discovered that Black had obtained credit card information from multiple individuals and used that information to make numerous purchases. The State charged Black with five counts of grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), 18-2409, and five

1

counts of criminal possession of a financial transaction card, I.C. §§ 18-3125, 18-3128. The State also filed an information alleging Black was a persistent violator, I.C. § 19-2514.

Pursuant to a plea agreement, Black pled guilty to one count of criminal possession of a financial transaction card, I.C. §§ 18-3125, 18-3128. In exchange, the State dismissed the remaining charges against Black.

A presentence investigation (PSI) was then conducted during which an investigator inquired into Black's mental health history. According to the PSI report, Black told the investigator that Black considered his mental health status "serious." He reported to having been previously diagnosed with anxiety, depression, and bipolar disorder and to at least one previous suicide attempt. He also stated that he had received treatment for depression and substance abuse, including being admitted to a psychiatric institution. Black expressed that he has experienced feelings of paranoia as well as suicidal ideations, and when asked by the investigator if Black wanted further psychiatric assessment, Black responded affirmatively. Black's mental health history was further illustrated in a letter written by Black's mother, in which she wrote that Black has experienced mental health issues since he was eight years old. Black's aunt also wrote a letter indicating the same. They both attested to Black being treated for auditory hallucinations as a child.

After his arrest for the current offense, and allegedly while incarcerated elsewhere, Black received mental health treatment from the jail and was prescribed medication for his mental health. Prior to sentencing, an evaluator performed a GAIN[1] assessment on Black at the jail. Black's answers during this assessment suggested the presence of several clinical disorders including bipolar disorder, generalized anxiety disorder, recurrent major depressive disorder, and attention-deficit/hyperactivity disorder (ADHD). The GAIN evaluator made no specific recommendations as to Black except to state "given current involvement, treatment should be coordinated with: substance abuse treatment; physical health treatment; mental health treatment; legal system involvement." A certified counselor with the Department of Health and Welfare then prepared a mental health examination report pursuant to I.C. § 19-2524. In that report, the counselor acknowledged that Black may have a serious mental illness. In the recommendation section, the report stated that because Black was currently receiving mental health treatment

---

[1] The specific assessment performed was the Global Appraisal of Individual Needs-I Recommendation and Referral Summary.

through the jail, no additional mental health treatment or assessments were recommended. The PSI investigator did not make an independent recommendation regarding a formal psychological evaluation.

Before sentencing, Black filed a pro se motion for a psychological evaluation pursuant to I.C. § 19-2522. In support of his motion, Black argued that his mental condition would be a significant factor at sentencing because he suffers from mild mental retardation, depression, bipolar disorder, paranoia, and anxiety. Black's counsel subsequently filed a motion for a psychological evaluation, stating: "Defendant alleges his mental health will be a significant factor at sentencing. An issue to be addressed is to what extent if any the Defendant has the ability to control his impulses." The district court acknowledged only the motion filed by counsel and denied the request, stating: "The Court has no reason to believe that the Defendant's mental condition will be a significant factor at sentencing. In addition, good cause has not been shown."

At sentencing, the court imposed a sentence of five years determinate and ordered restitution in the amount of $934. The court did not state any of the factors it relied upon in fashioning its sentence. Black then filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Black also filed a motion for credit for time served pursuant to I.C. § 18-309. The district court granted the motion and entered an amended judgment and sentence, correcting the credit for time served. Black now appeals, contending the district court erred by denying Black's motion for a psychological evaluation before sentencing and by sentencing him to five years determinate.

## II.

## ANALYSIS

We first address Black's argument that the district court erred in denying Black's motion for a psychological evaluation pursuant to I.C. § 19-2522. Idaho Code § 19-2522(1) specifies that "if there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown," the court must appoint a psychiatrist or psychologist to evaluate and report upon the defendant's mental condition to inform the court's sentencing decision. The decision whether to obtain a psychological evaluation in aid of sentencing is committed to the trial court's discretion but, as with all discretionary determinations, the trial court's action must be consistent with applicable legal standards. *State v. Coonts*, 137 Idaho

3

150, 152, 44 P.3d 1205, 1207 (Ct. App. 2002). A district court's election not to order a psychological evaluation will be upheld on appeal if the record can support a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately met the requirements of I.C. § 19-2522(3). *State v. Durham*, 146 Idaho 364, 366, 195 P.3d 723, 725 (Ct. App. 2008).

The State first argues that the court did not abuse its discretion in not considering Black's pro se filing, or the allegations contained therein, as defendants are generally not entitled to hybrid representation. However, we are not swayed by the State's argument in this situation. In considering whether a court erred in denying a motion for a psychological evaluation, we examine the facts known to the court. *See Coonts*, 137 Idaho at 152-53, 44 P.3d at 1207-08. We are not overly concerned with the procedural formalities surrounding how those facts become known to the court. *See id.* Moreover, the sentencing court is not constrained to consider only those facts and arguments provided in support of a motion for a psychological evaluation pursuant to I.C. § 19-2522. *See Coonts*, 137 Idaho at 153, 44 P.3d at 1208. Thus, we focus our inquiry on whether the record supports finding that there was reason to believe Black's mental condition would be a significant factor at sentencing.

Where the court has reason to know that the defendant has a long history of serious mental illness, the defendant's mental condition will be considered a significant factor for sentencing. *State v. Hanson*, 152 Idaho 314, 320, 271 P.3d 712, 718 (2012); *Coonts*, 137 Idaho at 152-53, 44 P.3d at 1209-10. In *Coonts*, this Court held that the sentencing court had reason to know that the defendant's mental condition would be a significant factor where the defendant (1) claimed to suffer from a serious mental illness, manic depression, and memory loss; (2) was receiving Lithium for his mental disorders at the time he pleaded guilty; (3) reported to the PSI investigator to having been treated with Lithium in the past, self-medicating with illegal drugs, attempting suicide on several occasions, and receiving mental health treatment on-and-off for many years. *Coonts*, 137 Idaho at 151, 44 P.3d at 1206. We held that these facts were sufficient to alert the district court that the defendant's mental condition would be an important consideration. *Id.* at 152-53, 44 P.3d at 1207-08.

Conversely, a defendant's milder mental disorders and behavior may not be sufficient to put the sentencing court on notice that the defendant's mental condition will be a significant factor at sentencing. *See State v. Schultz*, 149 Idaho 285, 288, 233 P.3d 732, 735 (Ct. App.

4

2010). In *Shultz*, this Court considered the following facts that were known to the sentencing court: (1) the defendant claimed to have suffered from "mental health issues" her entire life; (2) a previous psychological exam indicated a history of depression; and (3) the PSI report indicated that the defendant's troubles were caused by drug abuse. *Id.* We held that these facts were insufficient to establish a reason to believe that the defendant's mental condition would be a significant sentencing factor. *Id.*

After careful review of the facts known to the sentencing court, we conclude that there was sufficient reason to believe that Black's mental condition would be a significant factor at sentencing. The facts of Black's case are most similar to those in *Coonts*, as the record here suggests Black has had a longstanding history of serious mental illnesses. Black reported suffering from depression, anxiety, and paranoia throughout his life. Unlike the defendant in *Schultz*, Black alleged having been formally diagnosed with mental conditions beyond just depression; he also claimed to have been diagnosed with bipolar disorder and schizophrenia. Also similar to *Coonts*, Black reported that he has obtained treatment off-and-on throughout his life for his mental health issues. The PSI investigator was able to confirm through one treatment facility that Black had, in fact, been treated; however, the details of Black's treatment had since been destroyed. Similar to the defendant in *Coonts*, who was receiving mental health treatment at the time of pleading, Black had been receiving mental health treatment, including prescription medication for his mental health, since being incarcerated for the charged offense.

More significantly, the findings contained in the GAIN evaluation suggested that a psychological evaluation was needed, despite containing no formal recommendations. Although the GAIN evaluation is not a formal mental health evaluation, it is a useful screening tool used to refer individuals to appropriate evaluations and services. The GAIN evaluation suggested that Black might have various clinical conditions including bipolar disorder, generalized anxiety disorder, recurrent major depressive disorder, and ADHD.

Additionally, letters from Black's mother and aunt supported Black's claims, indicating that Black has displayed mental health issues since age eight. Although the letters from Black's relatives, standing alone, would be insufficient to demonstrate the significance of Black's mental condition, *see State v. Adams*, 137 Idaho 275, 278, 47 P.3d 778, 781 (Ct. App. 2002), the claims in these letters are corroborated by the findings in the GAIN evaluation, the findings in the

mental health examination report, and the confirmation of Black's previous mental health treatment.

The facts available were sufficient to alert the sentencing court as to Black's longstanding history with mental illnesses and that mental illness may have been a factor in the commission of the crime. Thus, there was reason to believe that Black's mental condition would be a significant factor at sentencing. In denying Black's motion for a psychological evaluation, the sentencing court concluded that it had "no reason to believe that [Black's] mental condition will be a significant factor at sentencing." This conclusion is in error, as it is inconsistent with applicable legal standards. Thus, the court erred in denying Black's request for a psychological evaluation on this basis.

We have previously held, however, that a court may properly deny a defendant's request for a psychological evaluation where there is sufficient information already in the record to meet the requirements of I.C. § 19-2522(3). *Durham.* 146 Idaho at 366, 195 P.3d at 725. Idaho Code Section § 19-2522(3) provides:

The report of the examination shall include the following:

(a) A description of the nature of the examination;
(b) A diagnosis, evaluation or prognosis of the mental condition of the defendant;
(c) An analysis of the degree of the defendant's illness or defect and level of functional impairment;
(d) A consideration of whether treatment is available for the defendant's mental condition;
(e) An analysis of the relative risks and benefits of treatment or nontreatment;
(f) A consideration of the risk of danger which the defendant may create for the public if at large.

Here, the State points to the mental health evaluation completed pursuant to I.C. § 19-2524, which was included in Black's PSI. However, not every mental health evaluation conforms with the exacting requirements of I.C. § 19-2522(3). *See, e.g.*, *State v. McFarland*, 125 Idaho 876, 881, 876 P.2d 158, 163 (Ct. App. 1994) (holding psychologist's report completed when defendant was suicidal did not supply in-depth analysis required by I.C. § 19-2522(3)); *State v. Pearson*, 108 Idaho 889, 891-92, 702 P.2d 927, 929-30 (Ct. App. 1985) (holding psychological report prepared pursuant to I.C. § 19-2522(3) was insufficient because it did not provide requisite in-depth analysis).

There is no indication that the information contained in the record complies with the statutory requirements of I.C. § 19-2522(3). The information in Black's PSI falls far short of providing the in-depth analysis of Black's mental health that is required. Not only was there not sufficient information in the record to provide the court with information to meet the requirements of I.C. § 19-2522(3), there was also no indication that the court considered Black's mental condition in fashioning its sentence. When pronouncing Black's sentence, the court did not indicate any of the factors it had considered.[2]

Because the district court's conclusion that Black's mental condition was not a significant factor is inconsistent with the applicable legal standards, we hold that the district court abused its discretion by failing to order a psychological evaluation pursuant to I.C. § 19-2522. This error necessitates that Black's sentence be vacated and that the case be remanded for preparation of a psychological evaluation and resentencing. Thus, we do not address Black's claim that his sentence was excessive.

### III.

### CONCLUSION

The district court abused its discretion in denying Black's motion for a psychological evaluation pursuant to I.C. § 19-2522. Accordingly, we vacate Black's sentence and remand the case for the preparation of a psychological evaluation and resentencing.

Judge MELANSON and Judge HUSKEY **CONCUR**.

---

[2] For the first time in its order denying Black's motion for reduction of sentence under Rule 35, the court listed the factors it considered in fashioning Black's sentence.

7