**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45316**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 12, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES DARNELL BLACK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Melissa Moody, District Judge.

Sentence <u>vacated</u> and <u>case remanded</u>.

James Darnell Black, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

James Darnell Black appeals from the judgment of conviction arguing the district court abused its discretion when it denied his motion for disqualification pursuant to Idaho Criminal Rule 25(b)(4), when it failed to appropriately weigh and consider his mental health issues and thus, imposed an excessive sentence.  For the reasons set forth below, we vacate the district court's sentence and remand the case for proceedings in front of a different district court judge.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts and proceedings of Black's underlying case are set forth, in part, in *State v. Black*, 161 Idaho 867, 392 P.3d 45 (Ct. App. 2017):

> Following reports of fraudulent use of credit cards, law enforcement officers discovered that Black had obtained credit card information from multiple individuals and used that information to make numerous purchases.  The State charged Black with five counts of grand theft by possession of stolen property,

1

Idaho Code §§ 18-2403(4), 18-2407(1), 18-2409, and five counts of criminal possession of a financial transaction card, I.C. §§ 18-3125, 18-3128. The State also filed an information alleging Black was a persistent violator, I.C. § 19-2514.

Pursuant to a plea agreement, Black pled guilty to one count of criminal possession of a financial transaction card, I.C. §§ 18-3125, 18-3128. In exchange, the State dismissed the remaining charges against Black.

A presentence investigation (PSI) was then conducted during which an investigator inquired into Black's mental health history. According to the PSI report, Black told the investigator that Black considered his mental health status "serious." He reported to having been previously diagnosed with anxiety, depression, and bipolar disorder and to at least one previous suicide attempt. He also stated that he had received treatment for depression and substance abuse, including being admitted to a psychiatric institution. Black expressed that he has experienced feelings of paranoia as well as suicidal ideations, and when asked by the investigator if Black wanted further psychiatric assessment, Black responded affirmatively. Black's mental health history was further illustrated in a letter written by Black's mother, in which she wrote that Black has experienced mental health issues since he was eight years old. Black's aunt also wrote a letter indicating the same. They both attested to Black being treated for auditory hallucinations as a child.

After his arrest for the current offense, and allegedly while incarcerated elsewhere, Black received mental health treatment from the jail and was prescribed medication for his mental health. Prior to sentencing, an evaluator performed a GAIN[1] assessment on Black at the jail. Black's answers during this assessment suggested the presence of several clinical disorders including bipolar disorder, generalized anxiety disorder, recurrent major depressive disorder, and attention-deficit/hyperactivity disorder (ADHD). The GAIN evaluator made no specific recommendations as to Black except to state "given current involvement, treatment should be coordinated with: substance abuse treatment; physical health treatment; mental health treatment; legal system involvement." A certified counselor with the Department of Health and Welfare then prepared a mental health examination report pursuant to I.C. § 19-2524. In that report, the counselor acknowledged that Black may have a serious mental illness. In the recommendation section, the report stated that because Black was currently receiving mental health treatment through the jail, no additional mental health treatment or assessments were recommended. The PSI investigator did not make an independent recommendation regarding a formal psychological evaluation.

Before sentencing, Black filed a pro se motion for a psychological evaluation pursuant to I.C. § 19-2522. In support of his motion, Black argued that his mental condition would be a significant factor at sentencing because he suffers from mild mental retardation, depression, bipolar disorder, paranoia, and anxiety. Black's counsel subsequently filed a motion for a psychological evaluation, stating: "Defendant alleges his mental health will be a significant factor at sentencing. An issue to be addressed is to what extent if any the Defendant has the ability to control his impulses." The district court acknowledged only the motion filed by counsel and denied the request, stating: "The Court has no reason

to believe that the Defendant's mental condition will be a significant factor at sentencing. In addition, good cause has not been shown."

At sentencing, the court imposed a sentence of five years determinate and ordered restitution in the amount of $934. The court did not state any of the factors it relied upon in fashioning its sentence. Black then filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Black also filed a motion for credit for time served pursuant to I.C. § 18-309. The district court granted the motion and entered an amended judgment and sentence, correcting the credit for time served. Black now appeals, contending the district court erred by denying Black's motion for a psychological evaluation before sentencing and by sentencing him to five years determinate.

*Black*, 161 Idaho at 868-869, 392 P.3d at 46-47. This Court vacated the judgment of conviction, holding that the amount of information available to the district court should have alerted the court that there was reason to believe Black's mental health would be a significant factor at sentencing. *Id*. at 871, 392 P.3d at 49. Consequently, the district court erred when it failed to order a psychological evaluation pursuant to I.C. § 19-2522. *Id*.

Before the opinion was final, the district court e-mailed both appellate counsel to inform them that the opinion did not accurately reflect what happened in the case. The district court prepared a transcript that was not requested by either of the appellate counsel and was not a part of the record of appeal, and forwarded that transcript to appellate counsel. The State filed a motion to augment the record with the new transcript; the motion was denied.

Upon remand, the district court ordered the I.C. § 19-2522 mental health evaluation. Black filed a motion to disqualify the judge pursuant to I.C.R. 25(b)(4), asserting that the judge demonstrated actual bias against Black. This was so, argued Black, because the judge had a clear motivation to demonstrate it was correct and took affirmative steps, such as providing an unrequested transcript to appellate counsel, to demonstrate why the district court was correct and the appellate court opinion was incorrect. Black asserted that the district court's motivation to prove it was correct would prevent the court from admitting that Black's mental health was a significant factor at sentencing. The district court denied the motion.

Black was resentenced. During the sentencing hearing, the district court stated, "I'm saying this intentionally on the record. That evaluation is not a significant factor at sentencing. It wasn't in the first instance; it isn't now that I have read it, combed over it twice." The district court also noted: "I appreciate the arguments made here today that, under *Windom*,[1] as well as

---

[1]     *State v. Windom*, 150 Idaho 873, 253 P.3d 310 (2010).

other cases in Idaho, that mental health, including mental retardation, is a mitigating factor that should be considered in the sentence, to include considering that in retribution." In regards to Black's mental retardation, the district court noted:

> In my view, recognizing that you have mild mental retardation, as Dr. Sombke has outlined, it is not a question of if you commit a new crime, but when you commit a new crime. That is the maximum sentence that I can impose to protect society, which ultimately is my number-one job as a judge.

The court then imposed the same sentence it imposed at Black's first sentencing hearing--a five-year fixed sentence, with no indeterminate period, for the crime of criminal possession of a financial transaction card--the maximum sentence authorized by law. Black timely appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

This Court "exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found." *State v. Hooper,* 145 Idaho 139, 142, 176 P.3d 911, 914 (2007). Further, "[t]he interpretation of a statute is a question of law over which this Court exercises free review." *State v. Payne,* 146 Idaho 548, 575, 199 P.3d 123, 150 (2008).

4

# III.

## ANALYSIS

Black asserts the district court erred when it denied his motion to disqualify the judge for cause. Black further claims the district court abused its discretion and imposed an unreasonable sentence when it failed to appropriately consider and weigh his mental health issues. The State asserts the district court considered Black's mental health issues at sentencing but found the protection of society to be the most important factor. Further, the State asserts the sentence was within statutory limits, and was an appropriate exercise of the district court's discretion. Because we find the district court abused its discretion when it determined Black's mental health was not a significant factor at sentencing, we remand this case for a new sentencing hearing.

The Idaho Supreme Court addressed a similar issue in *State v. Hanson*, 152 Idaho 314, 319-20, 271 P.3d 712, 717-18 (2012). In that case, the district court had information about Hanson's erratic behavior during the course of the criminal proceedings. *Id*. at 321, 271 P.3d 719. After Hanson was convicted of aggravated assault, Hanson exercised his Fifth Amendment right against self-incrimination and declined to participate in the Presentence Investigation Report procedure. *Id*. at 318, 271 P.3d 716. Defense counsel requested a psychological evaluation pursuant to I.C. § 19-2522. The district court denied the motion, reasoning that Hanson could not assert his Fifth Amendment right vis-à-vis the PSI, but then waive that right for purposes of the psychological evaluation. *Id.* Hanson appealed and challenged the denial of his motion for a psychological evaluation. *Id*. The Idaho Supreme Court held the district court erred. *Id*. The State argued that Hanson's mental condition was not a significant factor at sentencing and it was therefore within the discretion of the court to deny Hanson's request for an evaluation. *Id*. at 319, 271 P.3d 717. The Supreme Court rejected that argument. It noted, "The district court considered the goals of sentencing and determined that because its obligation to protect society was the primary factor in its sentencing decision, Hanson's mental condition would not be a significant factor at sentencing. This determination is not supported by the record." *Id.* The Court held that the defendant's mental health condition is a significant factor at sentencing if the sentencing court is aware of a defendant's lengthy history of serious mental illness. *Id.* at 319-20, 271 P.3d at 717-18. The Court held that "when the record shows a defendant has a substantial history of serious mental illness, the defendant's mental condition will be a significant factor in determining an appropriate sentence and I.C. § 19-2522 requires

the sentencing court to obtain a psychological evaluation prior to sentencing." *Hanson*, 152 Idaho at 320, 271 P.3d at 718.

Like in *Hanson*, it is clear that the district court in this case believed protection of the community was the primary factor in its sentencing decision. However, under the circumstances of this case, Black's mental health issues were a significant factor the court should have considered. The evaluation revealed that Black was diagnosed with a general intellectual function composite score of 48,[2] putting him in the .1 percentile range. To quote the evaluation, "[G]iven a random sampling of 1000 people in his age group, Mr. Black would have scored better on the Shipley-2 than less than 1 of the 1000 random people." Black's Diagnostic and Statistical Manual (DSM) 5 diagnoses were: severe stimulant use disorder, mild intellectual disability, a personality disorder with antisocial and paranoid traits, and a depressive disorder. While other factors, like the protection of society, may have ultimately been given greater weight by the district court, the district court erred when it explicitly stated that Black's mental health issues were not a significant factor at either the first or second sentencing hearing.

In holding that Black's mental health was not a significant factor in sentencing, the district court misapplied the relevant law and the definition of significant. In this context, as defined by Merriam-Webster on-line dictionary, significant means "having or likely to have influence or effect: IMPORTANT." Https://www.merriam-webster.com/dictionary/significant (last visited Oct. 11, 2018). The Oxford Dictionary defines significant as, "Sufficiently great or important to be worthy of attention; noteworthy." Https://en.oxforddictionaries.com/definition/significant (last visited Oct. 11, 2018). Under the circumstances of this case, Black's mental health was worthy of attention and important, hence the reason the psychological evaluation was ordered in the first place. Defining significant as synonymous with important in this context is consistent with the language in *State v. Coonts*, 137 Idaho 150, 44 P.3d 1205 (Ct. App. 2002), where this Court held that the trial court had facts that "were sufficient to alert the district court that Coonts's mental condition would be an *important* consideration at sentencing." *Coonts*, 137

---

[2] The State asserts that Black has not demonstrated that he has a low IQ because the tool used to measure Black's intellectual functioning was the Shipley-2 and the Shipley-2 does not measure an individual's IQ. However, the State never challenged the content or the validity of the testing for the evaluation in the district court. Additionally, the State has not cited any authority to support its position; consequently, it fails to persuade this Court that Black does not have the intellectual deficiencies as set forth in the evaluation.

Idaho at 153, 44 P.3d at 1208 (emphasis added). Consequently, the failure to order a psychological evaluation pursuant to I.C. § 19-2522 was an abuse of discretion. *Id*. at 152-53 P.3d at 1207-08. Similarly, Black's mental health was an important or significant factor to consider at sentencing, just as other important factors are considered.

Idaho Criminal Rule 32(b) details the factors that the Idaho Supreme Court has deemed important for a trial court to consider at sentencing. Idaho Criminal Rule 32(b)(11) includes information contained in a psychological evaluation pursuant to I.C. § 19-2522. As envisioned by I.C.R. 32, the PSI "is used to assist the 'court in individualizing a rational sentence for the defendant. Simply put, the compelling need for information about the defendant at sentencing cannot be arbitrarily disregarded.'" *State v. Draper*, 151 Idaho 576, 595, 261 P.3d 853, 872 (2011) (quoting *State v. Romero*, 116 Idaho 391, 393-94, 775 P.2d 1233, 1235-36 (1989)). Consequently, information regarding an individual's mental health is important and therefore, significant. By explicitly declaring that Black's mental health was not a significant (important) factor, the district court ignored the requirements of I.C.R. 32(b)(11) and I.C. § 19-2522 and improperly disregarded Black's mental health condition.

The district court stated, "That evaluation is not a significant factor at sentencing. It wasn't in the first instance; it isn't now that I have read it, combed over it twice." There was no explanation about why Black's mental health condition was not significant, only that from the district court's perspective, it was not a significant factor. Nothing changed regarding Black's mental health between the first and second sentencing hearing, thus, Black's mental health was still a significant factor to be considered at sentencing.

The district court also noted: "I appreciate the arguments made here today that, under *Windom*, as well as other cases in Idaho, that mental health, including mental retardation, is a mitigating factor that *should* be considered in the sentence, to include considering that in retribution." (Emphasis added.) It is unclear whether the district court used the word "should" to mean the court had a duty or obligation to consider Black's mental health or that it was desirable or expected that the district court would consider that factor. If the district court meant it had a duty to consider it, the record indicates that it explicitly rejected that duty. If the court was expressing that it would be desirable for the court to consider Black's mental health, then logically, it was not something the court had already done. It appears the district court

understood what it had a duty to do--consider Black's mental health as an important sentencing factor--but declined to do so.  This constitutes an abuse of discretion.

We clarify that although a district court has an obligation to consider mental health as a significant factor at sentencing, we do not mean that mental health must be given the greatest weight.  We mean only that mental health must be weighed with the other relevant and significant or important factors and cannot be disregarded when there is evidence of mental health issues.  In the end, and after weighing all the factors, the district court may conclude that other factors weigh more heavily in individualizing a sentence.  For example, protecting society may be the most heavily weighted factor but that does not mean that a defendant's long history of mental health issues and a diagnosis of mental retardation is insignificant or unimportant.

The district court did not correctly apply the relevant law and therefore, did not reach its decision by an exercise of reason and thereby abused its discretion.  Because we are remanding the case on this ground, we decline to address whether the district court erred in denying the motion to disqualify the court.  However, on remand, Black's sentencing should take place before a different district court judge.

## IV.
## CONCLUSION

The district court abused its discretion when it failed to apply the relevant law when it declined to consider Black's mental health as a significant factor at sentencing.  We vacate Black's sentence and remand the case for further proceedings in front of a different district court.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.