**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46802**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 29, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES DARNELL BLACK, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Appeal dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

James Darnell Black appeals from the district court's judgment of conviction and sentence for criminal possession of a financial transaction card. Black argues that the district court abused its discretion by imposing sentence. Because Black's claim on appeal is moot, the appeal is dismissed.

In February 2016, pursuant to a plea agreement, Black pled guilty to one count of criminal possession of a financial transaction card. The district court imposed a determinate five-year sentence. Black appealed, and this Court vacated Black's sentence and remanded to the district court for re-sentencing. *State v. Black*, 161 Idaho 867, 392 P.3d 45 (Ct. App. 2017). On remand, the district court again imposed a determinate five-year sentence and Black appealed. In an unpublished decision, this Court again vacated Black's sentence and remanded to the district court.

1

*State v. Black*, Docket No. 45316 (Ct. App. Oct. 12, 2018). On remand, a different district judge again imposed a determinate five-year sentence. This appeal followed.

On appeal, Black claims that the district court abused its sentencing discretion by: (1) failing to follow applicable legal standards relative to the significance of his intellectual disability; (2) failing to follow the advice and recommendations from psychological evaluations; and (3) relying upon improper recommendations in the updated presentence investigation report. Black again requests resentencing. However, this Court cannot provide the relief requested because, as of March 25, 2020, Black had served his full five-year determinate sentence.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Black has requested on appeal cannot be granted because Black has served the sentence he challenges. Therefore, any judicial relief from this Court would have no effect on either party. Accordingly, Black's appeal from the district court's sentence is dismissed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.